9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shannon Lee RUMLEY, Defendant-Appellant.
 No. 92-2256.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1993.
 
 Before LOGAN, GARTH[2] and SEYMOUR, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Shannon Lee Rumley appeals her forty-one month sentence for conspiracy to manufacture marijuana, in violation of 21 U.S.C. 846 and 841(b)(1)(C). The only issue on appeal is whether the district court erred by including 17.2 grams of methamphetamine in determining defendant's base offense level for sentencing purposes.
 
 
 3
 Defendant was arrested following a search of the trailer home where she resided with codefendant David Starnes. The search revealed seventy-four or seventy-five marijuana plants, 750 grams of loose marijuana, assorted drug paraphernalia, several guns, and a substance containing 17.2 grams of actual methamphetamine (222.8 grams in mixture). Defendant was charged with thirteen offenses, including possession with intent to distribute methamphetamine and conspiracy to manufacture less than 100 marijuana plants. After a motion to suppress was denied, defendant pleaded guilty to the marijuana conspiracy count and the other charges were dropped.
 
 
 4
 In calculating her base offense level for purposes of sentencing, the district court attributed the 17.2 grams of actual methamphetamine to defendant, which put her into a higher offense category than otherwise would have been the case. Defendant contends that the prosecution failed to present direct evidence proving she owned, controlled, possessed, used, or knew of the existence of the methamphetamine in the living room of the mobile home where she resided with coconspirator Starnes. Starnes testified at the joint sentencing hearing that the methamphetamine was his. Additionally, defendant asserts that the methamphetamine in her residence bears no relation to the marijuana conspiracy in which she was an admitted participant.
 
 
 5
 We will disturb the district court's factual findings only if clearly erroneous, and we extend due deference to the application of the United State Sentencing Guidelines to the facts. United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 498 U.S. 829 (1990). Section 1B1.3 of the guidelines provides that, in the case of "jointly undertaken criminal activity," relevant conduct for determining a base offense level includes all acts aided, abetted, or counseled by the defendant and all reasonably foreseeable acts of coconspirators that were part of the same course of conduct, common scheme, or plan as the offense of conviction. In the case of a conviction for jointly undertaken drug activity, all reasonably foreseeable quantities of controlled substances within the scope of the criminal activity are relevant. See U.S.S.G. 1B1.3, comment. (n.2) (1992). The guidelines also indicate that "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." Id. 2D1.1, comment. (n.12) (emphasis added). Defendant's conviction for conspiracy to manufacture marijuana fits easily within the broad guidelines definition for "jointly undertaken criminal activity" which encompasses any criminal plan or endeavor undertaken by a defendant in concert with others, see id. 1B1.3, comment. (n.2), and defendant does not dispute the quantity of methamphetamine under consideration. Defendant's arguments focus on whether she knew about or could have foreseen the introduction of methamphetamine into the marijuana conspiracy and whether the methamphetamine is part of the "same course of conduct or common scheme or plan" as the offense of her conviction.
 
 
 6
 It is well established that when sentencing under the guidelines a defendant's responsibility is not limited to the quantities of drugs that she has personally handled. See United States v. Williams, 897 F.2d 1034, 1041 (10th Cir.1990), cert. denied, 111 S.Ct.2064 (1991). In the case of jointly undertaken criminal activity, "[t]he amounts upon which a defendant may be sentenced include such amounts as it is shown that she either knew or should have known were involved in the conspiracy." United States v. Sanders, 929 F.2d 1466, 1475 (10th Cir.), cert. denied, 112 S.Ct. 143 (1991); see also United States v. Bernaugh, 969 F.2d 858, 865 (10th Cir.1992). "The sole limiting factor to such aggregating of amounts is the necessity of the district court to find ... that the drug quantities were 'part of the same course of conduct or common scheme or plan as the offense of conviction.' " United States v. Barela, 973 F.2d 852, 856 (10th Cir.1992), cert. denied, 113 S.Ct. 1021 (1993).
 
 
 7
 There is sufficient evidence in the record for the district court to conclude that defendant knew that amounts of methamphetamine were a part of the criminal activity in which she participated with codefendant Starnes. Defendant had been residing in the mobile home where the methamphetamine was discovered for at least one year, and the bag containing methamphetamine was plainly visible on top of a wood-burning stove in the mobile home's living room. Near the bag of methamphetamine were a grinder, scales, and glycine bags of the type commonly used to prepare, weigh, and package drugs. Evidence was presented suggesting that defendant was familiar with methamphetamine. In 1989, before the events that are the subject of this appeal, defendant was arrested, and a search of her residence revealed numerous marijuana plants and a 500 gram container of phenylacetic acid, which is used to make methamphetamine.[3] Suggesting an ability to recognize the drug, defendant's presentence report indicates that she was treated for methamphetamine addiction in 1989. Additionally, upon her arrest in September of 1991, the defendant commented to officers that the police station's booking area smelled like "crank," a slang term for methamphetamine. The record indicates that methamphetamine had recently been spilled in the booking area creating a strong odor.
 
 
 8
 The evidence also amply supports the conclusion that the methamphetamine is a part of the "same course of conduct or common scheme or plan" as the marijuana conspiracy in which defendant admitted her involvement. The guidelines draw a distinction between the "same course of conduct" and a "common scheme or plan." See U.S.S.G. 1B1.3, comment. (n.9); see also United States v. Roederer, No. 92-6385, 1993 WL 299450 at * 6 (10th Cir. Aug.10, 1993) (discussing the Second Circuit's efforts to clarify "same course of conduct" and "common scheme or plan" terminology); United States v. Shonubi, 998 F.2d 84, 89 (2d Cir.1993). A "common scheme or plan" is the narrower of the two concepts requiring criminal activities to be substantially connected by one or more common factors such as common accomplices, common purpose, or similar modus operandi. U.S.S.G. 1B1.3, comment. (n.9). The "same course of conduct" concept is broader encompassing activity and events less closely related to one another. The time interval between the related offenses and the similarity of the offenses are relevant considerations. The court must look for a pattern of consistent criminal behavior. Id.; see also Roederer, No. 92-6385, 1993 WL 299450 at * 6; Shonubi, 998 F.2d at 89. In the instant case, there is sufficient evidence for the district court to include the methamphetamine in determining the defendant's base offense level as part of a "common scheme or plan" involving a common accomplice (codefendant Starnes), a common location (defendant's residence), a common time period (both marijuana and methamphetamine were in the mobile home in September 1991), and a common purpose (the manufacture of drugs, apparently for sale).
 
 
 9
 AFFIRMED.
 
 
 
 [2]
 The Honorable Leonard I. Garth, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 The evidence from this search was suppressed and charges filed against defendant were dismissed